**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  07-cv-01853

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Case No. |
| | ) | 04-17042-SBB |
| FRONT RANGE PIPE & SUPPLY, INC. | ) | |
| TIN: 84-1133596, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JEFFREY A. WEINMAN, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 07-01299-SBB |
| VIRGIL BAKER, d/b/a Cloud City, | ) | |
| | ) | |
| Defendant. | ) | |

---

### ORDER

---

**Blackburn, J.**

This matter is before me on the following: 1) **Order and Request for Entry of Final Order and Judgment by District Court** [#1]; 2) **Proposed Findings of Fact and Conclusions of Law Regarding Plaintiff's Motion for Default Judgment in Non-Core Proceeding** [#2], both filed September 5, 2007; and 3) **Plaintiff's Motion for Default Judgment in Non-Core Proceeding**, which was filed on July 26, 2007, at [#5] in Adversary Proceeding No. 07-01299-SBB in the underlying bankruptcy case. The order and proposed findings were executed and filed by United States Bankruptcy Judge, Sidney B. Brooks, and they address the **Plaintiff's Motion for Default**

**Judgment in Non-Core Proceeding** as filed in Adversary Proceeding No. 07-01299-SBB.

Under 28 U.S.C. § 157(c)(1), a bankruptcy judge may hear a proceeding "that is not a core proceeding but that is otherwise related to a case under title 11." In such a proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court. § 157(c)(1); D.C.COLO.LCivR 84.1.D. In this case, the bankruptcy judge has submitted to me proposed findings of fact and conclusions of law. Copies of the bankruptcy judge's proposed findings of fact and conclusions of law have been mailed to all parties. No party has filed an objection to the proposed findings of fact and conclusions of law within the time permitted by local rule 84.1.D.

This matter concerns a complaint filed by the Bankruptcy Trustee seeking to collect a pre-petition receivable of the debtor against the defendant, Virgil Baker, d/b/a Cloud City. Essentially, the trustee's complaint is a collection action against Virgil Baker on behalf of the debtor's bankruptcy estate. After service on the defendant, the trustee filed a motion for default judgment in the bankruptcy court. The bankruptcy court recommends that I find and conclude that the plaintiff, the bankruptcy trustee, has served copies of the Summons and Complaint in the underlying proceeding on the defendant, and the defendant has not answered or responded otherwise in the time permitted by law. The bankruptcy court recommends also that I find and conclude that this court has personal jurisdiction over the defendant, subject matter jurisdiction over this proceeding, and venue is proper in the district. Further, the bankruptcy court recommends that I find and conclude that the provisions of the Servicemembers' Civil

Relief Act of 2003, 50 App. U.S.C. §§ 501 - 596, have been satisfied and that, to the

extent the defendant can demonstrate that he is a member of the military, he shall not

be precluded from raising defenses under the Servicemembers' Civil Relief Act.

Finally, the bankruptcy court recommends that I grant the trustee's motion for default

judgment and enter judgment against the defendant.

Bankruptcy Rule 9033(d) provides:

> The district judge shall make a de novo review upon the record ... of any
> portion of the bankruptcy judge's findings of fact or conclusions of law to
> which specific written objection has been made in accordance with this
> rule. The district judge may accept, reject, or modify the proposed findings
> of fact or conclusions of law, receive further evidence, or recommit the
> matter to the bankruptcy judge with instructions.

Bankr. Proc. R. 9033(d).  No objections have been filed by the parties to this case.  In

this circumstance, I need only satisfy myself that there is no clear error on the face of

the record in order to accept the recommendation.  Bankruptcy Rule 9033(d), advisory

committee note (adopting de novo review provisions of Federal Rule of Civil Procedure

72(b)).

I have reviewed the record in this case, and I find no error in the bankruptcy

judge's proposed findings of fact and conclusions of law.  I find and conclude that the

plaintiff, the bankruptcy trustee, has served copies of the Summons and Complaint in

the underlying proceeding on the defendant, and the defendant has not answered or

responded otherwise.  I find and conclude that this court has personal jurisdiction over

the defendant, that the court has subject matter jurisdiction over this proceeding under

28 U.S.C. § 1334, and that venue is proper in the district.  I find and conclude that the

provisions of the Servicemembers' Civil Relief Act of 2003, 50 App. U.S.C. §§ 501 -

596, have been satisfied and that, to the extent the defendant can demonstrate that he

3

is a member of the military, he shall not be precluded from raising defenses under the Servicemembers' Civil Relief Act.  Finally, I find and conclude that the trustee is entitled to an entry of default against the defendant and the entry of a default judgment against the defendant.

I note that the plaintiff requests an award of costs in the amount of 250 dollars to cover the cost of the filing fee in the adversary proceeding.  In Adversary Proceeding No. 07-01299-SBB, the trustee requested deferral of the payment of the filing fee until sufficient funds were available from the estate to pay the filing fee, as permitted under the Bankruptcy Court Miscellaneous Fee Schedule.  This request was made on May 9, 2007, and it is unclear whether or not the filing fee has been paid.  I will award costs as requested by the plaintiff, and as recommended by the bankruptcy court, and will require that such costs promptly be paid to the clerk of the bankruptcy court if the plaintiff has not previously paid the filing fee in Adversary Proceeding No. 07-01299-SBB.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Proposed Findings of Fact and Conclusions of Law Regarding Plaintiff's Motion for Default Judgment in Non-Core Proceeding** [#2], filed September 5, 2007, are **APPROVED AND ADOPTED**;

2.  That the **Plaintiff's Motion for Default Judgment in Non-Core Proceeding**, which motion was filed on July 26, 2007, at [#5] in Adversary Proceeding No. 07-01299-SBB, is **GRANTED**;

3.  That under Bankruptcy Rule 7055, which adopts FED. R. CIV. P. 55, **DEFAULT SHALL ENTER** against the defendant, Virgil Baker, d/b/a Cloud City;

4.  That under Bankruptcy Rule 7055, which adopts FED. R. CIV. P. 55,

**JUDGMENT SHALL ENTER** is favor of the plaintiff, Jeffrey A. Weinman, Trustee, and

against the defendant, Virgil Baker, d/b/a Cloud City, in the amount of 3,544.31 dollars;

5.  That the judgment **SHALL INCLUDE** interest at eight percent (8%) per

annum, compounded annually, under §5-12-102, C.R.S.;

6.  That plaintiff is **AWARDED** his costs in the amount of 250 dollars based on

the filing fee due in the underlying adversary proceeding;

7.  That the requirements for filing a bill of costs under Fed.R.Civ.P. 54(d)(1) and

D.C.COLO.LCivR. 54.1 **ARE WAIVED**;

8.  That if the plaintiff recovers the costs awarded in this order, and the plaintiff

has not previously paid the filing fee in Adversary Proceeding No. 07-01299-SBB, then

the plaintiff **SHALL PAY** the filing fee to the clerk of the bankruptcy court within ten

days of the plaintiff's recovery of its costs from the defendant.

Dated November 14, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**